E-FILED
Wednesday, 16 June, 2021  04:09:51 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| DOMINIQUE POULIOT, | ) | |
| | ) | Case No. 19-cv-02067 |
| Plaintiff, | ) | |
| | ) | Judge Colin S. Bruce |
| v. | ) | |
| | ) | Magistrate Judge Eric I. Long |
| THE BOARD OF TRUSTEES OF THE | ) | |
| UNIVERSITY OF ILLINOIS, DALE A. | ) | |
| VAN HARLINGEN, DENISE | ) | |
| DONNELLY, individually, CRAIG | ) | |
| HOEFER, individually, | ) | |
| Defendants. | ) | |

## <u>DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES</u>

Defendants, The Board of Trustees of the University of Illinois ("The Board"), Dale Van Harlingen, Denise Donnelly, and Craig Hoefer (collectively, "Defendants"), by their undersigned attorneys, hereby move the Court to compel Plaintiff's responses to Defendants' written discovery within 30 days and Plaintiff's deposition by Defendants in the first week of August 2021, or in the alternative, bar from trial Plaintiff's use of any information or documents that were nor produced in a timely manner pursuant to Federal Rule of Civil Procedure 33. In support of this motion, Defendants state:

1.      The resolution of this matter has been put off for over a year due to delays caused by the COVID-19 pandemic, but also because of Plaintiff's failure to diligently prosecute her claims. Defendants have been patient, accommodating of Plaintiff's medical and other needs, and optimistic about an out-of-court resolution. However, at this point Plaintiff's failure to engage in discovery is prejudicing Defendants' ability to defend against her claims. Defendants therefore seek relief and direction regarding discovery from this Court.

2.     Defendants issued their first set of written discovery requests to Plaintiff via email and U.S. mail nearly *two years ago* - on July 1, 2019.  (Ex. A).  Plaintiff's discovery responses were due on July 31, 2019.

3.     To date, Plaintiff has not responded to *any* of Defendants' discovery requests.

4.     Throughout late 2019 and early 2020, Defendants responded to Plaintiff's discovery requests and attempted to engage Plaintiff in settlement negotiations in order to avoid the continued expense and disruption of litigation.

5.     The parties were initially scheduled to participate in a settlement conference on March 10, 2020.  Due to the ensuing COVID-19 pandemic, the conference was postponed until May 14, 2020.  Discovery was stayed pending settlement discussions. (*See* March 6, 2020 Text Order entered by Magistrate Judge Long).

6.     Following a pre-settlement call with the Court on May 13, 2020, Plaintiff requested the May 14, 2020 settlement conference be postponed, and discovery further stayed.  Plaintiff switched counsel, requesting an extension of three months as a result.  Defendants did not oppose this request. (Dkt. No. 49).

7.     On August 20, 2020, Magistrate Judge Long set a September 24, 2020 date for the settlement conference.  In response, Plaintiff again requested the conference be delayed, to November 5, 2020, not only further suspending any progress towards early resolution, but also Plaintiff's responses to Defendant's discovery requests served over a year earlier. (Dkt. No. 52).

8.     The parties finally met via video conference on November 20, 2020 for the long-delayed settlement conference before Magistrate Judge Long. Unfortunately, the conference was not fruitful.

9.      During the settlement conference, Defendants' counsel relayed to the Court that no discovery responses had been received from Plaintiff.

10.     The Defendants maintain that Plaintiff's claims are baseless, but seek to avoid the expense, delay and disruption of litigation. As a result, the parties continued private negotiations during the months following the settlement conference. During communications between the parties, Plaintiff's counsel continued to represent to Defendants' counsel that early resolution was a likely possibility, curtailing her urgency to respond to Defendants' discovery.

11.     As late as mid-April 2021, Plaintiff's counsel indicated optimism about settlement. As a result, Defendants' attorneys believed that an out of court resolution was imminent. However, Plaintiff's counsel's communication on June 5, 2021 makes it clear that Plaintiff's position has changed and settlement is no longer imminent.[1]

12.     Despite believing that an out of court resolution would be forthcoming, Defendants have repeatedly noticed and rescheduled Plaintiff's deposition, and have also regularly reminded Plaintiff's counsel that his client has not produced *any* response to Defendants' discovery requests.

13.     More specifically, Plaintiff's remote deposition was initially noticed by Defendants on April 26, 2021 for the date of May 5, 2021.  Plaintiff's counsel responded that he was unavailable on May 5, instead seeking to delay the deposition until the week of May 24, 2021. (Ex. B).

14.     On April 27, Defendants' counsel advised Plaintiff's counsel that Plaintiff's deposition had been scheduled with the expectation that, in order to avoid being prejudiced with respect to the May 14, 2021 deadline for responsive pleadings, the deposition would be completed

---

[1] Defendants are not attaching settlement-related communications, nor are they disclosing the substance of settlement negotiations, in order to comply with the requirements of Federal Rule of Evidence 408 and protect the confidentiality of settlement negotiations.

well in advance of that date. (Ex. C). Nevertheless, Plaintiff requested yet another extension of time, causing yet another discovery delay. Defendants agreed to Plaintiff's Motion for an Extension of the Dispositive Motions Deadline, filed on May 3. (Dkt. No. 58).

15. On May 20, 2021, Defendants re-noticed the deposition of Plaintiff, this time for June 2, 2021. Defendants' counsel again expressed hopes for early resolution as had been discussed by the parties. Defendants' counsel also reminded Plaintiff's counsel of both the lack of discovery responses received and the prejudicial effect of counsel's continued delays, specifically with the deadline for dispositive motions looming. (Ex. D).

16. On May 24, Plaintiff's counsel again sought to delay discovery, this time asserting that Plaintiff could not attend a virtual deposition due to her husband's illness. Defendants did not contest the motion, as it was supported by medical documentation. (Dkt. No. 59). However, on June 1st Defendants' counsel implored Plaintiff's counsel to produce discovery responses given these continued delays, explicitly noting that Plaintiff's prolonged lagging was prejudicing Defendants' ability to defend this matter. In this communication, Defendants' counsel again reminded Plaintiff's counsel that *no* discovery has been produced by Plaintiff, and put Plaintiff's counsel on notice that they would move to compel and/or to dismiss for want of prosecution given the prejudicial effect of Plaintiff's continued, extensive delays. (Ex. E).

17. Despite Defendants being fully prepared and available for Plaintiff's deposition on June 2, Plaintiff moved this Court to continue all discovery until August 31, 2021, with Plaintiff's deposition not to be taken prior to July 31.

18. Defendants' counsel has now been engaged in good faith efforts to either settle this matter or to obtain discovery responses from Plaintiff for nearly two years. Defendants' counsel has reminded Plaintiff's counsel multiple times (most recently on June 8th) that Plaintiff has

completely ignored their discovery requests, and have advised that if Plaintiff cannot provide information about when Defendants' can expect responses, they will be forced to file a motion to compel or in the alternative to dismiss. (Ex. F). Plaintiff's counsel has not responded to these communications, and as a result, Defendants' have met their obligations to meet and confer under Federal Rule of Civil Procedure 37. The undersigned does not believe that further attempts to meet and confer will be worthwhile but instead believes they will only contribute to continued undue delay, spoliation of evidence, and further prejudice to Defendants' ability to defend this matter.

WHEREFORE, Defendants respectfully request that the Court enter an order (1) compelling Plaintiff to fully and completely respond to Defendants' written discovery requests attached in Exhibit A and produce all responsive documents within 30 days; (2) compelling Plaintiff's counsel to produce Plaintiff for deposition the week of August 2, 2021; and (3) stating that failure to do either will result in dismissal for want of prosecution.  In the alternative, Defendants request that the Court enter an order barring Plaintiff from using at trial any information and/or documentation that was not timely produced to Defendants pursuant to Federal Rule of Civil Procedure 33 despite Defendants' good faith efforts to accommodate Plaintiff's delays, or to enter any other relief that this Court deems just.

**Dated: June 16, 2021**                    **Respectfully submitted,**

**THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, DALE VAN HARLINGEN, DENISE DONNELLY, and CRAIG HOEFER**

By: /s/ Monica H. Khetarpal
        One of Its Attorneys

Monica H. Khetarpal
Thanin O. Stewart
JACKSON LEWIS P.C.

150 N. Michigan Ave., Suite 2500
Chicago, Illinois 60601
Tel: 312.787.4949
Monica.Khetarpal@jacksonlewis.com
Thanin.Stewart@jacksonlewis.com

## <u>CERTIFICATE OF SERVICE</u>

I, Monica H. Khetarpal, an attorney, certify that on June 16, 2021, a true and correct copy of the foregoing ***DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES*** was electronically-filed with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record via the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Monica H. Khetarpal
One of Defendants' Attorneys

# EXHIBIT A

**THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| DOMINIQUE POULIOT, | ) | |
| | ) | Case No. 19-cv-02067 |
| Plaintiff, | ) | |
| | ) | Judge Colin S. Bruce |
| v. | ) | |
| | ) | Magistrate Judge Eric I. Long |
| THE BOARD OF TRUSTEES OF THE | ) | |
| UNIVERSITY OF ILLINOIS, DALE A. | ) | |
| VAN HARLINGEN, DENISE | ) | |
| DONNELLY, individually, CRAIG | ) | |
| HOEFER, individually, | ) | |
| Defendants. | ) | |

**DEFENDANT THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS'**
**FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Pursuant to Federal Rule of Civil Procedure 33, Defendants, The Board of Trustees of the

University of Illinois ("The Board") directs Plaintiff, Dominique Pouliot, to produce the requested

documents for inspection and copying by mailing or delivering them to Monica H. Khetarpal c/o

Jackson Lewis P.C., 150 North Michigan Avenue Suite 2500 Chicago, Illinois 60601, within thirty

(30) days of service of this Request.

## INSTRUCTIONS

1.      In answering these interrogatories, please furnish all information available to you,

including information in the possession of you, any attorneys, any investigators, and all persons

acting on your behalf.  If you cannot answer the interrogatories in full after exercising due diligence

to secure the information, so state and answer to the extent possible.

2.      The interrogatories that follow are to be considered as continuing in nature, and you

are requested to provide, by way of supplementary answers thereto, such additional information

as you or any person acting on your behalf may hereafter obtain which will augment, clarify, or

otherwise modify the answers now given to these interrogatories.  Any supplemental answers should be provided as promptly and as long before the trial date as possible.

3.      Whenever your answer or any part thereof is based upon information and belief, identify the source and basis of your information or belief.

4.      The singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive as necessary, to make the request inclusive rather than exclusive; the words "each," "any, and "all" are both singular and plural; the word "all" means "any and all," and the word "any" means "any and all," the word "including" means "including without limitation," the words "he" or "she" or any other masculine or feminine pronoun includes any individual regardless of sex.  The use of any tense of any verb shall be considered to include also in its meaning all other tenses of the verb so used.

5.      Each interrogatory which seeks information relating in any way to communications to, from, or within a business and/or corporate entity, is hereby designated to demand, and should be construed to include, all communications by and between representatives, employees, agents, brokers and/or servants of the business and/or corporate entity.

### **DEFINITIONS**

A.      The terms **"Complaint"** and/or **"this Action"** refer to the action Plaintiff filed that is presently pending in the in the United States District Court for the Central of Illinois, Urbana Division, Case No. 2:19-cv-02067, including the original complaint and all amended complaints.

B.      The term **"Plaintiff," "you" or "your"** shall mean Plaintiff, Dominique Pouliot, and all agents, attorneys, or investigators, and other representatives of Plaintiff in their capacity as such.

C.     The term **"The Board"** shall mean Defendant The Board of Trustees of the University of Illinois, and all agents, attorneys, or investigators, and other representatives of Defendant in their capacity as such.

D.     The term **"Defendants"** shall mean Defendants The Board, Denise Donnelly, Dale Van Harlingen, and Craig Hoefer.

E.     The term **"representative"** or **"representatives"** used with reference to a person includes any:

1.   Officer, director, partner, associate, employee, attorney, servant, agent, subsidiary, division, and affiliate of such person, and;

2.   Any other person or legal or business entity acting on behalf of, or in concert with, such person, including any contractor, attorney, or any other person of any description which such person has retained or employed for business, financial or other reasons.

F.     **"Person"** or **"Employer"** means and includes, without limiting the generality of its meaning, any natural person; corporate or business entity; firm; partnership; association, unincorporated association, trust or any other legal, business or government entity, agency, or subdivision; committee; commission; or other organization or entity.

G.     The terms **"concerning," "evidencing," "relate to,"** and **"relating to,"** means relating to, referring to, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting, mentioning, supporting or concerning, directly or indirectly, or in any way relevant to the specified subject.

H.     **"Identify"** or '**identity**," with respect to a natural person, means to state (1) his or her full name; (2) his or her last known home address and telephone number; (3) his or her present or last known employment position and employer; (4) his or her business address and telephone number; and, (5) his or her relationship, if any, to you.

3

I.      "**Identify**" or "**identity**," with respect to a firm, proprietorship, association, partnership, corporation or any other type of organization or entity, means to state (1) the full name under which such entity is doing business; (2) the full business address and telephone number of such entity; and, (3) the individuals at the entity with whom you had contact.

J.      "**Communication**" or "**communicate**" means any transmission or exchange of information between two or more persons, orally or in writing, and includes, without limitation, any conversation or discussion, whether face-to-face or by means of any telephone, email, text, mail, letter, memoranda, telecopies, electronic or other online media, including postings and messages on Internet social media such as Facebook, Twitter, and LinkedIn. To "identify" a communication means to state whether the communication was oral, written on paper or other material, communicated electronically, or communicated in some other manner, specifying how. If the communication was oral, identify the participants, the date, the place, whether the communication was in person, provide a summary of the conversation, and identify any notes, memoranda, diaries or other documents relating thereto.

K.      The term "**conversation(s)**" means all oral communication regardless of the manner in which such communication took place. When identification of a conversation is requested, the following shall be separately stated as to each communication: the date; the place or places at which it occurred; the persons involved and their business affiliations; the substance of the communication; and the name and address of any other person, who, although not present or involved, possesses information concerning the existence or nature of such communication.

L.      "**Document**" shall mean any written, printed, typed, recorded, transcribed, punched, taped, or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated, or made, in the actual or constructive possession,

custody, or control of Plaintiff, or the existence of which you have knowledge, including but not limited to all writings, letters, envelopes, routing slips, statements, computer printouts, pleadings, filings, affidavits, memoranda, opinions, analyses, evaluations, journals, statistical records, worksheets, tabulations, records and/or minutes of meetings, handwritten notes, instruments, specifications, logs, plans, drawings, sketches, diagrams, blueprints, Photostats, charts, motion pictures, bulletins, telegrams, telexes, memoranda, notes, instructions, literature, work assignments, notebooks, diaries, calendars, records, agreements, contracts, notations of telephone or personal conversations or conferences, messages, inter-office or intra-office communications, e-mail, microfilm, circulars, pamphlets, studies, notices, summaries, reports, books, checks, credit card vouchers, statements of account, receipts, invoices, graphs, photographs, drafts, data sheets, data compilations, computer data sheets, computer data compilations, work sheets, statistics, speeches or other writings, tape recordings, audiotapes, videotapes, phonograph records, data compilations from which information can be obtained or can be translated through detection devices into reasonably usable form, including, but not limited to, CD, DVD, external or internal hard drives, thumb drives, or any other tangible thing that records information in any way which constitute or contain discoverable matters including all programs necessary for accessing any electronically stored information.  The term "**document**" shall include the original and any copies that differ in any manner whatsoever from the original (whether different from the original because of notes made on such copy or otherwise) and any drafts thereof.  For purposes of this definition, a document is within the possession or control of you if it is in the possession or control of any of your attorneys, investigators for your attorneys, independent accountants, directors, trustees, or any person acting on behalf of or in concert with you or with any of the above-referenced individuals, or otherwise in their possession or control.  The term "**document**" shall also include

all electronically stored information ("**ESI**"), which is information created, manipulated, stored, and best utilized in digital form, requiring the use of computer hardware and software.  ESI includes, but is not limited to e-mails, text messages, instant messages, internet message boards, postings, social networking activity, posting and messages on social media such as Facebook, Twitter, MySpace, and LinkedIn.

## **INTERROGATORIES**

### **INTERROGATORY NO. 1:**

Identify, by case name, court, and docket number, each and every criminal proceeding, administrative proceeding (including but not limited to any application for Social Security disability benefits), bankruptcy proceeding, and civil suit, in Canada or in the United States, in which Plaintiff has been involved, and state the current status or final disposition of the proceeding. Also, with respect to each judicial or administrative complaint or charge that Plaintiff has instituted against any organization or individual, and each judicial or administrative complaint to which Plaintiff has been a party, state the index, docket, complaint, charge, or other identification number or designation, and state the current status or final disposition of the proceeding.

### **ANSWER:**

### **INTERROGATORY NO. 2:**

Identify each person who supplied information to answer these interrogatories and specify by number those answers to which each such person supplied information.

### **ANSWER:**

**INTERROGATORY NO. 3:**

Identify by full name, address, telephone number, and employer each person, other than any legal counsel, with whom you, or someone acting on your behalf, have communicated regarding this lawsuit, the allegations in your Complaint, or the defenses in Defendants' Answer to your Complaint, or the circumstances surrounding your termination, and describe the date, place, method of communication, all individuals involved in the communication, and summary of the communication.

**ANSWER:**

**INTERROGATORY NO. 4:**

Identify all sources of Plaintiff's income and the amounts of income received from each source from January 1, 2011 through the present, including but not limited to: (a) income from employment; and (b) any monetary benefits, including but not limited to benefits received from a government, private, or employer-sponsored plan or from any source including any monies received from public or private sources.

**ANSWER:**

**INTERROGATORY NO. 5:**

State whether Plaintiff has been convicted of any crimes during the last 10 years, including any such convictions which have been suspended or expunged, and with respect to each, state: (a) the date or approximate date of the conviction(s); (b) the crime(s) for which Plaintiff was convicted; and (c) the case number(s), court name(s) and address of the court(s) in which Plaintiff was convicted.

7

**ANSWER:**


**INTERROGATORY NO. 6:**

Identify every individual with personal knowledge of facts pertaining to the allegations in Plaintiff's Complaint and/or who may have discoverable knowledge, information, or data regarding this matter (including but not limited to the individuals named in Plaintiff's Rule 26(a)(1) disclosures), and state the subject(s) of that knowledge, information, or data and the basis for stating the individual has the knowledge, information, or data (including but not limited to identifying the date of any conversations with the individual disclosed and the substance of each conversation).

**ANSWER:**


**INTERROGATORY NO. 7:**

State whether Plaintiff has ever lodged an internal complaint of any kind regarding the terms and conditions of her employment, including but not limited to complaints about compensation, while employed by any employer other than the University.  If the answer is in the affirmative, state the name of all such persons to whom the complaint was made, when the complaint was made, the nature of the complaint lodged and the resolution thereof.

**ANSWER:**


**INTERROGATORY NO. 8:**

Identify each expert retained or contacted by Plaintiff or her agents, and state the subject matter of the expert's proposed testimony, the substance of the facts and opinions to which the

expert is expected to testify, and a summary of the grounds for each opinion.  Identify any report or any written opinion relating to this case prepared by such expert.

**ANSWER:**


**INTERROGATORY NO. 9:**

Identify the name, address, telephone number, and employer of each individual whom you expect to call, or rely upon during this litigation, as a witness and briefly state the nature of each such person's expected testimony.

**ANSWER:**


**INTERROGATORY NO. 10:**

Identify each and every document you have in your possession and/or of which you have knowledge that supports or negates in any fashion any of the allegations in your Complaint or any of the defenses in Defendant's Answer to your Complaint.

**ANSWER:**


**INTERROGATORY NO. 11:**

Please identify each document you expect to use as an exhibit during this litigation and briefly state the nature of such document.

**ANSWER:**

**INTERROGATORY NO. 12:**

Identify the date, location, and substance of any conversation or communication with Defendant Denise Donnelly which Plaintiff alleges in her Complaint to have had, regarding Plaintiff's age or age discrimination in the UIUC Physics Department, including but not limited to those stated in Paragraphs 63-76, 865.

**ANSWER:**


**INTERROGATORY NO. 13:**

Identify the person(s) with whom Plaintiff communicated, date, location, and substance of any conversation or communication with any member of the Office of Diversity, Equity and Access ("ODEA"), including but not limited to the conversation with an unnamed ODEA officer whom Plaintiff alleges in Paragraph 111 of the Complaint, told her that Donnelly's actions were "illegal."

**ANSWER:**


**INTERROGATORY NO. 14:**

In regards to the allegations of Paragraph 115 of the Complaint, identify the person(s) to whom Plaintiff complained in 2017, the date of her complaints, the location of the communications, and the substance of any complaints regarding the work Plaintiff was allegedly performing, her reinstatement, assistance obtaining a new visa, and any discrimination or retaliation she was alleging.

**ANSWER:**

**INTERROGATORY NO. 15:**

Identify the name, age, gender, national origin, and visa status of each and every Postdoctoral Research Associate or other researcher in the UIUC Physics Department whom Plaintiff alleges to be a comparator who was treated more favorably than she was.

**ANSWER:**

**INTERROGATORY NO. 16:**

Identify every social media site (e.g., Facebook, MySpace, LinkedIn, Twitter, a blog, etc.) to which you have subscribed from January 1, 2011 to the present, specifically identifying which such sites you have posted content, such as a profile, comments, status updates, etc., from January 1, 2011 to the present.

**ANSWER:**

**INTERROGATORY NO. 17:**

Identify each and every e-mail address from which you have sent emails or at which you have received e-mails from January 1, 2011 to the present.

**ANSWER:**

**INTERROGATORY NO. 18:**

With respect to each type of relief you seek in the litigation, describe in detail the nature of the relief (i.e., monetary, equitable and/or declaratory); the specific monetary amount(s) of

damages sought and the manner in which each such amount was calculated; and, to the extent you are seeking the recovery of attorneys' fees or costs in this action, state the fee and/or compensation arrangement between you and your attorney(s) that applies to this litigation.

**ANSWER:**

**INTERROGATORY NO. 19:**

Identify any social worker, counselor, priest, minister, preacher, or other person with whom Plaintiff has sought and/or is currently seeking treatment for emotional distress, mental pain and suffering, or mental anguish from January 1, 2011 to the present.

**ANSWER:**

**INTERROGATORY NO. 20:**

Identify each and every individual who you, or an agent working on your behalf, contacted, spoke to, corresponded with, or who contacted you or an agent working on your behalf regarding any of the allegations contained in the Amended Complaint, and include: (a) the dates of contact, conversation, or correspondence; (b) the purpose of each contact, conversation, or correspondence; (c) the substance of that conversation, contact, or correspondence; and (d) whether any written report, notes, or memorandum was prepared by you or such person relative to the contact, conversation, or correspondence.

**ANSWER:**

**INTERROGATORY NO. 21:**

Describe each and every complaint Plaintiff made to the University between 2011 and the present about her concerns that she were being paid less than her counterparts and her belief that the compensation disparity was based on gender, age, or national origin, and for each include: (a) the names and titles of any and all people to whom she directed the complaints and any witnesses to the complaint; (b) the date of the complaint; (c) the method of communication (in-person oral communication, e-mail, telephonic communication, etc.); (d) the substance of the communication including any responses or exchanges.

**ANSWER:**


**INTERROGATORY NO. 22:**

Identify each and every physician, psychiatrist, psychologist, social worker or other healthcare provider whom Plaintiff visited, consulted or received treatment from relative to any physical or emotional condition Plaintiff alleges that Defendants have caused. For each physician or other healthcare provider identified, state (a) his or her address; (b) any institutions with which he or she is presently associated or affiliated; (c) any institutions with which the person was associated or affiliated while treating Plaintiff; (d) his or her occupation; (d) his or her area of specialization, if any; (e) the date Plaintiff first consulted that person or entity; (f) the condition for which treatment was sought; (g) the diagnosis that was rendered; (h) the nature of the treatment rendered; (i) whether Plaintiff is presently receiving treatment or consultation from such person or entity; and (j) the cost of treatment.

**ANSWER:**

13

**INTERROGATORY NO. 23:**

Identify each person with whom Plaintiff discussed her belief that she was being paid less than her counterparts based on her gender, age, or national origin, and for each state the person's name, title, date of the conversation, and the substance of the communication.

**ANSWER:**

**INTERROGATORY NO. 24:**

Describe in detail each instance of retaliation that you believe you suffered as a result of complaining about discrimination at the University.

**ANSWER:**

**INTERROGATORY NO. 25:**

For each year between 2011 and 2017, inclusive of those years, (which are the years that you allege to have been associated with Professor Leggett and/or the University of Illinois), please describe the nature of the work you did in detail, including what work you did, who asked you to do the work, who supervised your work (if anyone), how your work product was used (if at all), and how much time you spent each week doing the work.

**ANSWER:**

14

Dated: July 1, 2019                **THE BOARD OF TRUSTEES OF THE**
                                   **UNIVERSITY OF ILLINOIS**

                                   By: */s/ Monica H. Khetarpal*
                                        One of Its Attorneys

Monica H. Khetarpal
Priya P. Khatkhate
Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, IL  60601
Phone: (312) 787-4949 | Fax: (312) 787-4995        `
Monica.Khetarpal@jacksonlewis.com
Priya.Khatkhate@jacksonlewis.com

## CERTIFICATE OF SERVICE

I, Monica H, Khetarpal, an attorney, certify that on July 1, 2019, a true and correct copy of the foregoing DEFENDANT THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS' FIRST SET INTERROGATORIES TO PLAINTIFF to be served via U.S. Mail, postage pre-paid, and e-mail to the following:

Keith L. Hunt
Bradley E. Faber
Hunt & Associates, P.C.
55 West Monroe, Suite 3600
Chicago, Illinois 60603
khunt@huntassoclaw.com
bfaber@huntassoclaw.com

/s/ Monica H. Khetarpal
One of Defendant's Attorneys

**THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| DOMINIQUE POULIOT, | ) | |
| | ) | Case No. 19-cv-02067 |
| Plaintiff, | ) | |
| | ) | Judge Colin S. Bruce |
| v. | ) | |
| | ) | Magistrate Judge Eric I. Long |
| THE BOARD OF TRUSTEES OF THE | ) | |
| UNIVERSITY OF ILLINOIS, DALE A. | ) | |
| VAN HARLINGEN, DENISE | ) | |
| DONNELLY, individually, CRAIG | ) | |
| HOEFER, individually, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS'**
**FIRST SET OF REQUESTS TO PLAINTIFF**
**FOR THE PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS**

Pursuant to Federal Rule of Civil Procedure 34, Defendants, The Board of Trustees of the University of Illinois ("The Board"), by its attorneys, direct Plaintiff, Dominique Pouliot, to produce the requested documents for inspection and copying by mailing or delivering them to Monica H. Khetarpal c/o Jackson Lewis P.C., 150 North Michigan Avenue Suite 2500 Chicago, Illinois 60601, within thirty (30) days of service of this Request.

**INSTRUCTIONS**

A.      In responding to these Requests, produce all documents and things that are in your custody, possession, or control, including documents and things in the custody, possession, or control of your attorneys, investigators for your attorneys, independent accountants, agents, or any person acting on behalf of or in concert with you or with any of these individuals, and not merely documents and things from your own personal files.

B.      The documents produced in response to this request shall include all attachments and enclosures.

C.      Each request to produce a document or documents should be considered as including a request for separate production of all non-identical copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof).

D.      If any document or thing that is responsive to a request is incomplete or has been altered, state in what respect the document or thing is incomplete or altered, and explain the reasons therefor.

E.      If you cannot respond to any of the following Requests in full, respond as completely as possible, specifying the nature (if known) and reasons why you are unable to respond in full, and provide whatever information you have concerning the unprovided things, documents, or portions of documents, including the source or sources from which the things, documents, or portions of documents can be obtained and that portion of the documentation that can be produced.

F.      If documents or things requested are not reasonably available to you in precisely the form requested, or for the particular date or period specified, but could be produced in a modified form and/or for a slightly different date or period, then you are requested to respond to that request in such modified form or for such different date or period.

G.      If the documents requested in this Request are unavailable because they have been destroyed or lost, identify which documents were destroyed or lost by date, author, addressee and subject matter; if the documents were destroyed, state when, why, how and by whom they were

destroyed; and state further the identity of the person(s) ordering, authorizing, and supervising such disposition, the reason for the disposition and the person(s) performing such disposition, and the identity of all persons having knowledge of such document or thing, or the substance or contents of the document or the nature of the thing disposed of, and the identity of all persons having knowledge of such document or thing if lost state when they were determined to be lost, when and in whose possession they were last known to exist and any known circumstances concerning their disappearance or loss.

H.     Each request which seeks information relating in any way to communications to, from, or within a business and/or corporate entity, is hereby designated to demand, and should be construed to include, all communications by and between representatives, employees, agents, brokers and/or servants of the business and/or corporate entity.

I.     If any document or portion thereof is or will be withheld because of a claim of privilege or work product:

1.  The place, date and manner of recording or otherwise preparing the document;

2.  The name and title of the sender;

3.  The identity of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document;

4.  The identity of each person to whom the contents of the document have heretofore been communicated by copy, exhibition, sketch, reading or substantial summarization, the dates of said communication, and the employer and title of said person at the time of said communication;

5.  Type of document;

6.  Subject matter (without revealing the relevant information for which privilege or statutory authority is claimed); and

7.  Factual and legal basis for claimed privilege or specific statutory or regulatory authority which provides the claimed ground for nonproduction.

J.      The singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive as necessary, to make the request inclusive rather than exclusive; the words "each," "any, and "all" are both singular and plural; the word "all" means "any and all," and the word "any" means "any and all," the word "including" means "including without limitation," the words "he" or "she" or any other masculine or feminine pronoun includes any individual regardless of sex.  The use of any tense of any verb shall be considered to include also in its meaning all other tenses of the verb so used.

K.      Please note that these are continuing document requests and that you are under a continuing duty to seasonably supplement the production with documents obtained subsequent to the preparation and service of a response to each request. If additional information and/or documents are received prior to the date of trial, supplemental answers should be provided setting forth such additional information or producing such documents as promptly and as long before the trial date as possible.

## **DEFINITIONS**

A.      The terms **"Complaint"** and/or **"this Action"** refer to the action Plaintiff filed that is presently pending in the in the United States District Court for the Central District of Illinois, Urbana Division, Case No. 2:19-cv-02067, including the original complaint and all amended complaints.

B.      The term **"Plaintiff," "you" or "your"** shall mean Plaintiff, Dominique Pouliot, and all agents, attorneys, or investigators, and other representatives of Plaintiff in their capacity as such.

C.      The term **"The Board"** shall mean Defendant The Board of Trustees of the University of Illinois, and all agents, attorneys, or investigators, and other representatives of Defendant in their capacity as such.

D.      The term **"Defendants"** shall mean Defendants The Board, Denise Donnelly, Dale Van Harlingen, and Craig Hoefer.

E.      The term **"representative"** or **"representatives"** used with reference to a person includes any:

1.  Officer, director, partner, associate, employee, attorney, servant, agent, subsidiary, division, and affiliate of such person, and;

2.  Any other person or legal or business entity acting on behalf of, or in concert with, such person, including any contractor, attorney, or any other person of any description which such person has retained or employed for business, financial or other reasons.

F.      **"Person"** or **"Employer"** means and includes, without limiting the generality of its meaning, any natural person; corporate or business entity; firm; partnership; association, unincorporated association, trust or any other legal, business or government entity, agency, or subdivision; committee; commission; or other organization or entity.

G.      The terms **"concerning,"** **"evidencing,"** **"relate to,"** and **"relating to,"** means relating to, referring to, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting, mentioning, supporting or concerning, directly or indirectly, or in any way relevant to the specified subject.

H.      **"Identify"** or '**identity**," with respect to a natural person, means to state (1) his or her full name; (2) his or her last known home address and telephone number; (3) his or her present or last known employment position and employer; (4) his or her business address and telephone number; and, (5) his or her relationship, if any, to you.

5

I.      "**Identify**" or "**identity**," with respect to a firm, proprietorship, association, partnership, corporation or any other type of organization or entity, means to state (1) the full name under which such entity is doing business; (2) the full business address and telephone number of such entity; and, (3) the individuals at the entity with whom you had contact.

J.      "**Communication**" or "**communicate**" means any transmission or exchange of information between two or more persons, orally or in writing, and includes, without limitation, any conversation or discussion, whether face-to-face or by means of any telephone, email, text, mail, letter, memoranda, telecopies, electronic or other online media, including postings and messages on Internet social media such as Facebook, Twitter, and LinkedIn.  To "identify" a communication means to state whether the communication was oral, written on paper or other material, communicated electronically, or communicated in some other manner, specifying how. If the communication was oral, identify the participants, the date, the place, whether the communication was in person, provide a summary of the conversation, and identify any notes, memoranda, diaries or other documents relating thereto.

K.      The term "**conversation(s)**" means all oral communication regardless of the manner in which such communication took place.  When identification of a conversation is requested, the following shall be separately stated as to each communication: the date; the place or places at which it occurred; the persons involved and their business affiliations; the substance of the communication; and the name and address of any other person, who, although not present or involved, possesses information concerning the existence or nature of such communication.

L.      "**Document**" shall mean any written, printed, typed, recorded, transcribed, punched, taped, or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated, or made, in the actual or constructive possession,

custody, or control of Plaintiff, or the existence of which you have knowledge, including but not limited to all writings, letters, envelopes, routing slips, statements, computer printouts, pleadings, filings, affidavits, memoranda, opinions, analyses, evaluations, journals, statistical records, worksheets, tabulations, records and/or minutes of meetings, handwritten notes, instruments, specifications, logs, plans, drawings, sketches, diagrams, blueprints, Photostats, charts, motion pictures, bulletins, telegrams, telexes, memoranda, notes, instructions, literature, work assignments, notebooks, diaries, calendars, records, agreements, contracts, notations of telephone or personal conversations or conferences, messages, inter-office or intra-office communications, e-mail, microfilm, circulars, pamphlets, studies, notices, summaries, reports, books, checks, credit card vouchers, statements of account, receipts, invoices, graphs, photographs, drafts, data sheets, data compilations, computer data sheets, computer data compilations, work sheets, statistics, speeches or other writings, tape recordings, audiotapes, videotapes, phonograph records, data compilations from which information can be obtained or can be translated through detection devices into reasonably usable form, including, but not limited to, CD, DVD, external or internal hard drives, thumb drives, or any other tangible thing that records information in any way which constitute or contain discoverable matters including all programs necessary for accessing any electronically stored information.  The term "**document**" shall include the original and any copies that differ in any manner whatsoever from the original (whether different from the original because of notes made on such copy or otherwise) and any drafts thereof.  For purposes of this definition, a document is within the possession or control of you if it is in the possession or control of any of your attorneys, investigators for your attorneys, independent accountants, directors, trustees, or any person acting on behalf of or in concert with you or with any of the above-referenced individuals, or otherwise in their possession or control.  The term "**document**" shall also include

all electronically stored information ("**ESI**"), which is information created, manipulated, stored, and best utilized in digital form, requiring the use of computer hardware and software.  ESI includes, but is not limited to e-mails, text messages, instant messages, internet message boards, postings, social networking activity, posting and messages on social media such as Facebook, Twitter, and LinkedIn.

      M.     Defendant also incorporates by reference the Definitions set forth in its First Set of Interrogatories Propounded to Plaintiff.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Please produce all documents and/or correspondence identified, referred to, or related to Plaintiff's answers to *Defendant's First Set of Interrogatories to Plaintiff.*

**REQUEST NO. 2:** Please produce all documents and/or correspondence used or relied on in the preparation of Plaintiff's answers to *Defendant's First Set of Interrogatories to Plaintiff.*

**REQUEST NO. 3:** Please produce all documents that relate to or discuss all earned income received by you for the years 2011 through the present.

**REQUEST NO. 4:** Please produce all documents or other evidentiary material that form the basis of your computation of damages, which is required pursuant to Fed. R. Civ. P. 26(a)(1)(C).

**REQUEST NO. 5:** Please produce all documents evidencing or relating to the amount of monetary loss that you assert you have experienced as a result of the actions of Defendants alleged in the Complaint as of the date of your response to these Requests.

**REQUEST NO. 6:** Please produce all documents which discuss, mention or relate in any way to any meetings, conversations or other communications you had at any time with any current or former employee, independent contractor, representative or agent of Defendant including, but not limited to, Denise Donnelly, Dale Van Harlingen, Craig Hoefer, Anthony Leggett, and Katherine

Galvin, which relate to this Action or the subject matter of any of the allegations in your

Complaint.

**REQUEST NO. 7:** Please produce all documents which discuss, mention or relate in any way to

any meetings, conversations or other communications you had at any time with any current or

former employee, independent contractor, representative or agent of Defendant's Office of

Diversity, Equity, and Access.

**REQUEST NO. 8:** Please produce all documents that reference, evidence, relate to, discuss, or

support, your allegations of retaliation by Defendant.

**REQUEST NO. 9:** Please produce all documents of any kind in your possession, custody or

control relating to, regarding or concerning the allegation in Paragraph 90 of your Complaint that

Defendant Donnelly told Plaintiff that "You'll never get a TN Visa," criticized Plaintiff based on

Plaintiff's age, and told Plaintiff that Plaintiff did not belong tin the Physics Department.

**REQUEST NO. 10:** Please produce any and all documents such as written or recorded

statements, affidavits or declarations you have obtained from any individual including, but not

limited to, current or former employees of Defendant that concern or relate to the allegations in

your Complaint.

**REQUEST NO. 11:** Please produce any and all documents of any kind in your possession, custody

or control evidencing any employment you have held, including self-employment from 2010 to the

present but not limited to, compensation received, rate or method of pay, and other benefits.

**REQUEST NO. 12:** Please produce all documents that relate to or discuss any lawsuits

(including criminal actions and administrative matters), or claims, or bankruptcy proceedings,

formal or informal demands for compensation for wages, compensation, damages or any other

actions where you were a party or witness.

**REQUEST NO. 13:** Please produce any and all notes, diaries, calendars, memos, correspondence or writings of any kind made by you that in any way relate to your work with the University of Illinois.

**REQUEST NO. 14:** Please produce all written and recorded statements and all documents that relate to or discuss any written or recorded statement, affidavits, or declarations obtained by you or your representative or agents from any individual (with or without their knowledge and consent) concerning the subject matter of the  your Complaint.

**REQUEST NO. 15:** Please produce all documents, declarations or other written or recorded statements given by persons contacted or interviewed by Plaintiff, Plaintiff's attorneys, or anyone acting on Plaintiff's behalf, which in any way refer or relate to Plaintiff's claims in your Complaint.

**REQUEST NO. 16:** Please produce all documents that Plaintiff may offer into evidence at trial.

**REQUEST NO. 17:** Please produce all documents not produced in response to the above requests that support Plaintiff's assertion that Defendants violated the Equal Pay Act and the Illinois Equal Pay Act, thereby entitling Plaintiff to damages as described in the Complaint.

**REQUEST NO. 18:** Please produce all copies of federal and state income tax returns, whether U.S. or Canadian, which Plaintiff filed singly or jointly, or which were filed on Plaintiff's behalf, for tax years 2010 to the present, including all W-2 forms, primary source material and other documents used in completing those forms.

**REQUEST NO. 19:** If any U.S. and Canadian tax returns requested are not in Plaintiff's possession or control, please complete and sign a copy of IRS Form 4506 and return it with your responses.

**REQUEST NO. 20:** Please produce all documents Plaintiff intends to identify or otherwise use at any deposition, or in connection with any motion for summary judgment filed in this lawsuit.

**REQUEST NO. 21:** Please produce a privilege log for any documents withheld under any claim of privilege or which Plaintiff contends are otherwise protected from discovery.

**REQUEST NO. 22:** Please produce all handbooks, employment manuals, leaflets, procedures, guidelines, memos, bulletins, job descriptions, directives, policies, reports, statements, affidavits, personnel policies, wage statements, tape recordings, video recordings, letters, notes, communications (including emails or other computer communications), forms, tangible things, and documents received by Plaintiff at any time from Defendants or any representatives of Defendants.

**REQUEST NO. 23:** Please produce all documents relating to your performance while working with the UIUC Physics Department, your record of attendance, vacation and/or "compensatory" time, your performance evaluations, any disciplinary actions taken against you, or criticisms or complaints made against you, to the extent such documents have ever existed.

**REQUEST NO. 24:** Please produce all resumes, cover letters, and/or applications that Plaintiff submitted to any current employers or collaborators, including the UIUC Physics Department, prospective employers and/or third parties from January 1, 2010 to present.

**REQUEST NO. 25:** With respect to the websites, webpages, email and internet accounts you were asked to identify in response to the interrogatories served in this , please produce copies of your complete profile on Facebook, MySpace, LinkedIn, Twitter, Classmates, Google+, Snapchat, Whatsapp, and all other social networking sites (including all updates, changes, or modifications to your profiles) and all status updates, messages, wall comments, cause(s) joined, group(s) joined, activity streams, blog entries, details, blurbs, comments, and application

11

postings, which support, tend to support, refute, tend to refute, or relate to your claims or alleged damages in the Complaint.

**REQUEST NO. 26:** Please produce copies of any comments and other postings made to a blog or social networking website (such as Facebook, Twitter, or LinkedIn) from on or about January 1, 2010 to present. A copy of your Facebook account can be obtained by clicking the down arrow at the top right of any Facebook page and selecting Settings. Next click on "Download a copy of your Facebook data," and then "Start My Archive." Facebook will ask you for your password. Submitting your password will cause Facebook to compile a .zip file for your account. Please provide a copy of that .zip file.

**REQUEST NO. 27:** Please produce all documents of any kind in your possession, custody or control relating to, regarding or concerning your application for J-1 Visa in or around 2011.

**REQUEST NO. 28:** Please produce all documents of any kind in your possession, custody or control relating to, regarding or concerning your request for assistance from any of Defendants or any UIUC employee, including Dr. Leggett, with a visa application in 2016.

**REQUEST NO. 29:** Please produce all documents of any kind in your possession, custody or control relating to, regarding or concerning your "conditional offer to work as a postdoctoral Research Associate" and your "conditional offer of employment" with the UIUC Physics Department, as alleged in Paragraphs 32 and 33 of your Complaint.

**REQUEST NO. 30:** Please produce all documents of any kind in your possession, custody or control relating to, regarding or concerning any research-related travel you undertook while working with the UIUC Physics Department.

**REQUEST NO. 31:**  Please produce all documents of any kind in your possession, custody or control relating to, regarding or concerning the allegation in Paragraph 95 of your Complaint that you continued to work with Dr. Leggett from September to October 2016.

**REQUEST NO. 32:**  Please produce all documents of any kind in your possession, custody or control relating to, regarding or concerning the allegations in Paragraph 146 of your Complaint that the Defendants intentionally selected you for termination based on your age.

**REQUEST NO. 33:**  Please produce all documents of any kind in your possession, custody or control relating to, regarding or concerning the allegations in your Paragraph 222 of your Complaint that The Board had a policy of discriminating against Canadians.

**REQUEST NO. 34:**  Please produce all documents of any kind in your possession, custody or control that constitute time records, or other documents that indicate the amount of time you allegedly spent working for Professor Leggett and/or the University of Illinois between 2011 and the present.

**REQUEST NO. 35:**  Please produce all documents of any kind in your possession, custody or control that constitute work product that you claim you produced on behalf of, or at the direction of, Professor Leggett and/or the University of Illinois.

Dated: July 1, 2019                **THE BOARD OF TRUSTEES OF THE
                                    UNIVERSITY OF ILLINOIS**

                                    By: */s/ Monica H. Khetarpal*
                                           One of Its Attorneys

Monica H. Khetarpal
Priya P. Khatkhate
Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, IL  60601
Phone: (312) 787-4949 | Fax: (312) 787-4995               `
Monica.Khetarpal@jacksonlewis.com
Priya.Khatkhate@jacksonlewis.com

## <u>CERTIFICATE OF SERVICE</u>

I, Monica H, Khetarpal, an attorney, certify that on July 1, 2019, a true and correct copy of the foregoing DEFENDANT THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS' FIRST SET OF REQUESTS TO PLAINTIFF FOR THE PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS to be served via U.S. Mail, postage pre-paid, and e-mail to the following:

Keith L. Hunt
Bradley E. Faber
Hunt & Associates, P.C.
55 West Monroe, Suite 3600
Chicago, Illinois 60603
khunt@huntassoclaw.com
bfaber@huntassoclaw.com


/s/ Monica H. Khetarpal
One of Defendant's Attorneys

4819-2983-6443, v. 1

14

# EXHIBIT B

**From:** Mitchell Kline <mkline@mitchellkline.com>
**Sent:** Monday, April 26, 2021 4:20 PM
**To:** Khatkhate, Priya Prakash (Chicago) <Priya.Khatkhate@jacksonlewis.com>
**Subject:** Re: Pouliot v. Bd. of Trs. of the Univ. of Ill. et al - Deposition Notice

**[EXTERNAL SENDER]**

Hi counsel:

I am not available for the "remote" deposition via Zoom on May 5. I will be having minor surgery on May 6. I am available May 24, 26, 27, or 28. Thank you for your cooperation.

Mitch Kline

On Mon, Apr 26, 2021 at 1:53 PM Khatkhate, Priya Prakash (Chicago) <Priya.Khatkhate@jacksonlewis.com> wrote:

Good afternoon, Mitchell,

A notice of remote deposition for Ms. Pouliot on May 5 at 11am is attached.

Thank you,

Priya

**Priya P. Khatkhate**
Attorney at Law
**Jackson Lewis P.C.**
150 North Michigan Avenue Suite 2500
Chicago, IL 60601

3

Direct: (312) 803-2505 | Main: (312) 787-4949
Priya.Khatkhate@jacksonlewis.com | www.jacksonlewis.com

Visit our resource page for information and guidance on COVID-19's workplace implications

--

Mitchell A Kline

Law Offices of Mitchell A. Kline

203 N LaSalle St, Ste 2100, Chicago, IL 60601

(312) 558-1454

www.mitchellkline.com

# EXHIBIT

# C

| | |
|---|---|
| **From:** | Khetarpal, Monica H. (Chicago) <monica.khetarpal@jacksonlewis.com> |
| **Sent:** | Wednesday, June 9, 2021 10:43 AM |
| **To:** | Stewart, Thanin O. (Chicago) |
| **Subject:** | FW: RE: Pouliot v. Bd. of Trs. of the Univ. of Ill. et al - Deposition Notice |

**[EXTERNAL SENDER]**

---

**From:** "Khetarpal, Monica H. (Chicago)" <Monica.Khetarpal@jacksonlewis.com>
**Date:** Tue Apr 27 22:15:36 EDT 2021
**To:** "Khatkhate, Priya Prakash (Chicago)" <Priya.Khatkhate@jacksonlewis.com>,"Mitchell Kline" <mkline@mitchellkline.com>
**Subject:** RE: Pouliot v. Bd. of Trs. of the Univ. of Ill. et al - Deposition Notice

Mitchell, I'm going to notice this up for 1pm on the 4th. If you can't make that date, we will move for an extension of time on the MSJ and explain the issue. I just hate to bother the court again, so soon after making a motion for extension of time. I really wish we had known about these delays when we discussed the joint motion for extension.

**Monica H. Khetarpal**
Attorney at Law
**Jackson Lewis P.C.**
150 North Michigan Avenue
Suite 2500
Chicago, IL 60601
Direct: (312) 803-2529 | Main: (312) 787-4949
Monica.Khetarpal@jacksonlewis.com | www.jacksonlewis.com

Visit our resource page for information and guidance on COVID-19's workplace implications

---

**From:** Khetarpal, Monica H. (Chicago) <Monica.Khetarpal@jacksonlewis.com>
**Sent:** Tuesday, April 27, 2021 9:55 AM
**To:** Khatkhate, Priya Prakash (Chicago) <Priya.Khatkhate@jacksonlewis.com>; Mitchell Kline <mkline@mitchellkline.com>
**Subject:** RE: Pouliot v. Bd. of Trs. of the Univ. of Ill. et al - Deposition Notice
**Importance:** High

Mitchell,

Priya forwarded to me your message below. Please make sure to copy both of us on correspondence. I wish you had told us about your medical procedure before we agreed to dates with the court. We are certainly happy to accommodate but we obviously need to take her deposition well  before the MSJ deadline, which is May 14th. Please provide dates today for a deposition prior to your procedure. If that is not possible we will have to move to change the MSJ deadline again, citing your medical issue, which is obviously not idea. Also, please let us know as soon as you can about settlement so that we are not all spinning wheels and spending unnecessary time on this.


Thanks.



**Monica H. Khetarpal**
Attorney at Law
**Jackson Lewis P.C.**
150 North Michigan Avenue
Suite 2500
Chicago, IL 60601
Direct: (312) 803-2529 | Main: (312) 787-4949
Monica.Khetarpal@jacksonlewis.com | www.jacksonlewis.com

Visit our resource page for information and guidance on COVID-19's workplace implications

---

**From:** Khatkhate, Priya Prakash (Chicago) <Priya.Khatkhate@jacksonlewis.com>
**Sent:** Monday, April 26, 2021 9:00 PM
**To:** Khetarpal, Monica H. (Chicago) <Monica.Khetarpal@jacksonlewis.com>
**Subject:** FW: Pouliot v. Bd. of Trs. of the Univ. of Ill. et al - Deposition Notice



Hi Monica,

Please see below from Mitchell Kline – I thought he had cc'd you or would have sent this to you sooner.

Thanks,

Priya



**Priya P. Khatkhate**
Attorney at Law
**Jackson Lewis P.C.**
150 North Michigan Avenue Suite 2500
Chicago, IL 60601
Direct: (312) 803-2505 | Main: (312) 787-4949
Priya.Khatkhate@jacksonlewis.com | www.jacksonlewis.com

# EXHIBIT D

| | |
|---|---|
| **From:** | Khetarpal, Monica H. (Chicago) <Monica.Khetarpal@jacksonlewis.com> |
| **Sent:** | Thursday, May 20, 2021 11:37 AM |
| **To:** | Mitchell Kline |
| **Cc:** | Steponik, Nancy (Chicago); Khatkhate, Priya Prakash (Chicago) |
| **Subject:** | 2nd Re-Notice of Remote Deposition of Plaintiff Dominique Pouliot 052021.docx |
| **Attachments:** | 2nd Re-Notice of Remote Deposition of Plaintiff Dominique Pouliot 052021.docx |

**Importance:**        High

Mitchell,

I hope your procedure went well and that you are on the road to recovery. I'm attaching a notice for your client's deposition for June 2nd. Please also be aware that **no** discovery has been served in response to our requests. In accordance with Rule 37, I'm available to discuss this today, tomorrow before 3pm, and most of Monday. If we do not hear from you we will be forced to file a motion to compel on Tuesday.

I think this we are very close to settlement, but the clock is ticking on our MSJ deadline and we cannot afford any more delay.

Thanks.

**Monica H. Khetarpal**
Attorney at Law
**Jackson Lewis P.C.**
150 North Michigan Avenue
Suite 2500
Chicago, IL 60601
Direct: (312) 803-2529 | Main: (312) 787-4949
Monica.Khetarpal@jacksonlewis.com | www.jacksonlewis.com

Visit our resource page for information and guidance on COVID-19's workplace implications

# EXHIBIT E

| | |
|---|---|
| **From:** | Khetarpal, Monica H. (Chicago) <monica.khetarpal@jacksonlewis.com> |
| **Sent:** | Wednesday, June 9, 2021 10:42 AM |
| **To:** | Stewart, Thanin O. (Chicago) |
| **Subject:** | FW: RE: Dr.Pouliot v U of I: Plaintiff's deposition |

**[EXTERNAL SENDER]**

---

**From:** "Khetarpal, Monica H. (Chicago)" <Monica.Khetarpal@jacksonlewis.com>
**Date:** Tue Jun 01 11:03:52 EDT 2021
**To:** "Mitchell Kline" <mkline@mitchellkline.com>,"Khatkhate, Priya Prakash (Chicago)"
<Priya.Khatkhate@jacksonlewis.com>
**Subject:** RE: Dr.Pouliot v U of I: Plaintiff's deposition

Mitchell,

I have not heard from you about this. Obviously we will not go forward with your client's deposition tomorrow, but if you do not file a request for an extension by COB tomorrow, we will file a motion to dismiss for want of prosecution, or in the alternative, to compel. Again, your client has not produced *any* discovery responses whatsoever. This delay is prejudicing my client's ability to defend against her claims.

**Monica H. Khetarpal**
Attorney at Law
**Jackson Lewis P.C.**
150 North Michigan Avenue
Suite 2500
Chicago, IL 60601
Direct: (312) 803-2529 | Main: (312) 787-4949
Monica.Khetarpal@jacksonlewis.com | www.jacksonlewis.com

Visit our resource page for information and guidance on COVID-19's workplace implications

---

**From:** Mitchell Kline <mkline@mitchellkline.com>
**Sent:** Monday, May 24, 2021 5:50 PM
**To:** Khetarpal, Monica H. (Chicago) <Monica.Khetarpal@jacksonlewis.com>; Khatkhate, Priya Prakash (Chicago)
<Priya.Khatkhate@jacksonlewis.com>
**Subject:** Dr.Pouliot v U of I: Plaintiff's deposition

[EXTERNAL SENDER]

Dear counsel:

I have attached a letter from Dr. Briedis, who is a treating doctor of Dr. Pouliot and her husband. Based on this letter we would like an agreed motion, and you can attach this letter from Dr. Briedis to the motion, to schedule Dr. Pouliot's deposition in August and move back the other dates accordingly.

In addition, I expect to have a response to your client's settlement terms in the next few days. Thank you for your cooperation.

Respectfully,

Mitchell Kline

--

Mitchell A Kline

Law Offices of Mitchell A. Kline

203 N LaSalle St, Ste 2100, Chicago, IL 60601

(312) 558-1454

www.mitchellkline.com

# EXHIBIT
# F

| | |
|---|---|
| **From:** | Khetarpal, Monica H. (Chicago) |
| **Sent:** | Tuesday, June 8, 2021 12:59 PM |
| **To:** | Mitchell Kline |
| **Cc:** | Stewart, Thanin O. (Chicago) |
| **Subject:** | RE: Pouliot v U of I: Settlement terms |
| | |
| **Importance:** | High |

Michell,

First, please be advised that Priya is no longer with the firm, and Thanin Stewart, copied here, will be working as the associate on this case. I'm very disappointed in your response below, as we discussed the fact that we should hold off on discovery and continue settlement negotiations because there was a good chance your client would agree to a monetary figure close to ▮▮▮▮. In fact, we came up to ▮▮▮▮ – a significant jump – specifically based on this representation. We had also agreed to non-monetary terms, and even represented to the Court as much, and now we are moving backwards. Furthermore, I'm surprised that you do not already known that Keith Hunt has filed a lien against the judgment.

Given how far apart we are, and that we seem to be quickly drifting even further, please be advised that **we will be filing a motion to compel before the end of the week**. The motion will indicate that despite earlier assurances by Plaintiff, we are no longer close to settlement as she has changed her terms. It will also indicate that she has not responded to any of our discovery requests despite multiple requests and reminders to you that we have yet to receive anything from her. We will seek aggressive relief, including barring any non-disclosed evidence from use at trial, and/or dismissal for want of prosecution.

I'm sure that you understand our frustration with your client's position, and our need to take a hard line with respect to discovery so that we do not prejudice our ability to defend this matter.

Thanks.

**Monica H. Khetarpal**
Attorney at Law
**Jackson Lewis P.C.**
150 North Michigan Avenue
Suite 2500
Chicago, IL 60601
Direct: (312) 803-2529 | Main: (312) 787-4949
Monica.Khetarpal@jacksonlewis.com | www.jacksonlewis.com

Visit our resource page for information and guidance on COVID-19's workplace implications

**From:** Mitchell Kline <mkline@mitchellkline.com>
**Sent:** Saturday, June 5, 2021 1:21 PM
**To:** Khetarpal, Monica H. (Chicago) <Monica.Khetarpal@jacksonlewis.com>; Khatkhate, Priya Prakash (Chicago) <Priya.Khatkhate@jacksonlewis.com>
**Subject:** Pouliot v U of I: Settlement terms

[EXTERNAL SENDER]

Hi counsel:

Regarding your offer of ██████ Dr. Pouliot will agree to ██████; and confirmation that Attorney Hunt has not filed a lien with your law firm or with the U of I. Regarding non-monetary issues, I initially told Dr. Pouliot that the U of I's terms were reasonable.

However, she pointed out a few problems with the language. First, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

In addition, to conduct proper research, ████████████████████████████████████████████████████████████████████████████████████████.

Please advise on our terms by June 11, 2021. Thank you for your consideration.

Respectfully,

Mitchell Kline

--
Mitchell A Kline
Law Offices of Mitchell A. Kline
203 N LaSalle St, Ste 2100, Chicago, IL 60601
(312) 558-1454
www.mitchellkline.com