UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DOMINIQUE POULIOT,<br><br>      **Plaintiff,**<br><br>v.<br><br>**THE BOARD OF TRUSTEES OF<br>THE UNIVERSITY OF ILLINOIS, et al.,**<br><br>      **Defendants.** | Case No. 19-2067 |

**ORDER**

This case is before the court on Defendants' Motion to Dismiss for Lack of Prosecution (#63) and the Motion for Extension of Time to Complete Discovery (#64) filed by Plaintiff.

Plaintiff filed this case in September 2018. Nearly three years later, Plaintiff still has not responded to Defendants' written discovery requests. Plaintiff has failed to communicate with defense counsel regarding discovery and failed to comply with court orders.

Plaintiff has caused numerous delays in this case. For example, a settlement conference originally set in March 2020 was rescheduled four times at the request of Plaintiff.[1] The Settlement Conference was eventually held in November 2020, but was unsuccessful.

Additionally, the court has granted multiple extensions to the discovery schedule. The court understands that delays were inevitable with the COVID-19 pandemic, but Plaintiff's failure to prosecute goes far beyond pandemic related delays. Most recently, on June 3, 2021, the court granted a last discovery extension, stating that "No extensions to discovery, dispositive motions, or response deadlines will be granted.

---

[1] The Settlement Conference was moved a total of five times, once due to a conflict in the court's calendar.

1

The Final Pretrial Conference and Trial date remain as scheduled and will not be moved." (June 3, 2021, Text Order.)

Despite the court's warning, Plaintiff still failed to prosecute her case.

On July 7, 2021, the court entered an Order to Show Cause, explaining that Plaintiff had not yet responded to *a single discovery request* and that Plaintiff had not been produced for her deposition. The court ordered that Plaintiff respond to all written discovery by August 2, 2021, and that Plaintiff be produced for her deposition by August 6, 2021. The court further ordered that no extensions to either of these deadlines would be allowed, and that Plaintiff must show cause for her failure to prosecute her case. (Order to Show Cause, #62). Plaintiff again ignored the court's warning.

On August 3, 2021, Defendants filed their Motion to Dismiss for Lack of Prosecution. The Motion states that Plaintiff did not comply with the court's Order to Show Cause and failed to respond to all written discovery by August 2, 2021.

Plaintiff did not respond to the Motion to Dismiss for Lack of Prosecution, (#63) but chose to file yet another Motion for Extension of Time to Complete Discovery. (#64) In her Motion, Plaintiff gives no basis for her failure to respond to discovery. In fact, Plaintiff does not even address the court's Order to Show Cause or the deadline she missed. Instead, bafflingly and as though earlier orders of the court did not exist, Plaintiff chose to seek an extension of time to sit for her deposition. Plaintiff cites to comments by Plaintiff's husband's treating physician noting that Plaintiff is the sole caretaker for her ill husband. Plaintiff's husband's treating physician opined that Plaintiff would not be able to sit for her deposition until at least the end of October 2021.

While the court is sympathetic to Plaintiff's role as caregiver, Plaintiff's absolute failure to prosecute her case, and her utter disregard for court orders, justifies dismissal of her case under Federal Rule of Civil Procedure 41(b), which provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack

of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

"It is well-established that district courts possess inherent authority to dismiss a case *sua sponte* for a plaintiff's failure to prosecute. A court is permitted to infer a lack of intent to prosecute a case from a pattern of failure to meet court-imposed deadlines. Where the pattern of dilatory conduct is clear, dismissal need not be preceded by the imposition of less severe sanctions." *See Dickerson v. Board of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116-17 (7th Cir. 1994) (internal citations omitted).

Plaintiff has shown a pattern of dilatory conduct by refusing to comply with court orders and failing to respond to discovery requests. The court infers Plaintiff's lack of intent to prosecute her case from her lack of meaningful participation in the normal course of discovery.

The Court orders:

1. Defendants' Motion to Dismiss for Lack of Prosecution (#63) is GRANTED,
2. Plaintiff's Motion for Extension of Time to Complete Discovery (#64) is DENIED,
3. Plaintiff's case is dismissed with prejudice,
4. This case is terminated, and
5. The Court directs the Clerk to enter judgment in Defendants' favor.

ENTERED 30th day of August, 2021.

s/COLIN S. BRUCE
UNITED STATES DISTRICT JUDGE